**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**UNITED STATES OF AMERICA,**

       - against -                  **11 Cr. 1058 (JGK)**

**DWAYNE FREDERICK,**                  **MEMORANDUM OPINION AND ORDER**

       **Defendant.**

------------------------------------------------

**JOHN G. KOELTL, District Judge:**

The pro se defendant moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence.

On December 21, 2012, this Court sentenced the defendant principally to 72 months' imprisonment based on one Count of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C).[1]  The defendant was sentenced as a Career Offender under § 4B1.1 of the United States Sentencing Guidelines.  The original Guidelines Range under § 4B1.1 was 151-188 months.  The Court varied downwardly in sentencing the defendant principally to 72 months' imprisonment.

---

[1] On November 9, 2012, the Court held a sentencing hearing for the defendant and was initially prepared to impose a principal sentence of 96 months' imprisonment, but after subsequent corrections to the original presentence report on which the Court's initial sentence had been based, the Court imposed a sentence principally of 72 months' imprisonment.  See Filed Judgment (ECF No. 26).

The defendant argues that he is eligible for a sentence reduction based on the recent Amendment 782 to the Sentencing Guidelines.  Amendment 782 to the Sentencing Guidelines generally reduced the offense levels for drug offenses by two levels.  However, Amendment 782 did not change the offense levels for defendants sentenced as Career Offenders.  See United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam); cf. United States v. Martinez, 572 F.3d 82, 85 (2d Cir. 2009) (per curiam) (holding that "crack cocaine amendments," which also reduced the offense levels for certain drug offenses, did not affect defendant who was sentenced as a career offender pursuant to § 4B1.1).  Therefore, the defendant's Guidelines range remains the same as when he was sentenced, and the Court may not reduce the defendant's sentence further.  See Dillon v. United States, 560 U.S. 817, 827 (2010).

Accordingly, the defendant's motion is **denied.**  The Clerk is directed to **close Docket Nos. 30 and 31.**

**SO ORDERED.**

**Dated:    New York, New York
           June 9, 2015**                    _____/s/_____
                                             **John G. Koeltl
                                             United States District Judge**